UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MD GIASH UDDIN and PANNA NAHAR,  :
:
                Plaintiffs  :
:
      -against-  : **SUMMARY ORDER**
: 16-CV-4385 (DLI)(RML)
GULEZAHRA MAMDANI and  :
YUSUF MAMDANI,  :
:
                Defendants.  :
-------------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

On August 5, 2016, defendants Gulezahra Mamdani and Yusuf Mamdani ("Defendants") filed a notice to remove this action from the Supreme Court for the State of New York, Queens County to this Court (the "Notice," Dkt. Entry No. 1). For the reasons set forth below, this case is remanded to the state court, *sua sponte*.

## BACKGROUND

On July 12, 2016, plaintiffs MD Giash Uddin and Panna Nahar ("Plaintiffs") commenced this action in state court alleging claims against Defendants relating to a vehicular collision that occurred in New York County, New York. (Complaint ("Compl.").) On August 5, 2016, Defendants removed the action to this Court, asserting that there was federal subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332(a)(1). Specifically, Defendants argue that there is complete diversity of citizenship between the parties and that "it appears that the amount in controversy exceeds $75,000." (Notice at 3-4.) To support their contention that the jurisdictional amount is satisfied, Defendants note that: (i) plaintiff alleges damages exceeding the jurisdictional amount of the lower Courts, and (ii) plaintiff has not consented to an *ad damnum* less than $75,000. Neither the Notice nor the Complaint contains any allegations of fact

establishing the amount in controversy. Thus far, Plaintiffs have not filed a motion for remand.

## **DISCUSSION**

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiffs. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Stemmle v. Interlake Steamship Co.*, 2016 WL 4098559, at *3 (E.D.N.Y. July 27, 2016) (quoting *Lupo*, 28 F.3d at 274).

With respect to the jurisdictional amount element of diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of

2

[$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994)). In this case, Defendants fail to meet their burden to show that the jurisdictional amount has been satisfied, as they rely solely on inferences they draw from an allegation in the Complaint, and from Plaintiffs' alleged failure to respond to an *ad damnum* demand.

These inferences do not come close to meeting the "reasonable probability" threshold necessary to satisfy the amount in controversy element of diversity jurisdiction. First, Plaintiffs' references to damages "in an amount that exceeds the jurisdictional limits of all lower courts," clearly refers to the lower courts of New York State, which may not entertain actions seeking to recover to more than $25,000. *See Woodley v. Massachusetts Mut.*, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts") (citing *S.S.I.G. Realty, Inc. v. Bologna Holding Corp.*, 213 A.D.2d 617, 624 (2d Dep't 1995); *see Woodley*, 2008 WL 2191767 at *2 n.3 (collecting cases). That Plaintiffs chose to file their case in the state court with no jurisdictional limit does not support, in any way, Defendants' claim that Plaintiffs' seek more than $75,000.

Second, Defendants point to the fact that "plaintiff has not consented to set forth an *ad damnum* less than $75,000" as support for the claim that "there is a reasonable basis for defendants' good faith belief that plaintiff's counsel is seeking more than $75,000 for the bodily injury claims and is alleging that the damage could meet or exceed $75,000 in recovery, exclusive of interests and costs." (Notice at 3.) As there are several conceivable reasons why a plaintiff may decide not

to stipulate, *see Valente v. Garrison From Harrison LLC*, at \*2 (E.D.N.Y. Jan. 11, 2016) (discussing examples), Plaintiffs' refusal to do so here hardly is determinative of the amount in controversy and, therefore, is insufficient to establish that the jurisdictional amount required by 28 U.S.C. § 1332(a). *See Kum v. Walcott*, 2012 WL 4772072, at \*1 (E.D.N.Y. Oct. 5, 2012) (mere fact that plaintiff will not stipulate that damages do not exceed $75,000 "does not show, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied."); *Nogeura v. Bedard*, 2011 WL 5117598, at \*2 (E.D.N.Y. Oct. 26, 2011) (an unsigned stipulation, reflecting plaintiff's refusal to stipulate to damages, "is insufficient to establish the amount in controversy required by the removal and diversity statutes."); *Domingue v. Costco Wholesale Corp.*, 2011 WL 4729762, at \*1 (E.D.N.Y. Oct. 6, 2011).

Moreover, neither the Complaint nor the Notice provides any information concerning the nature and extent of Plaintiffs' injuries, the treatment received, or details regarding the other losses they purportedly suffered. As such, the Court is left to guess at the amount in controversy based on the Complaint's boilerplate allegations that Mr. Uddin "sustained serious, severe and permanent personal injuries" and Ms. Nahar was "deprived of the support, services, love, companionship, affection and society of" Mr. Uddin and "has been compelled to expend money and incur obligations" for his medical care. (Compl. ¶¶ 18, 22.) Such boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See Noguera*, 2011 WL 5117598, at \*3 (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages.")

Defendants, however, are not without recourse to determine the amount of damages Plaintiffs seek. Although New York law prohibits the inclusion of an *ad damnum* clause in a

complaint in a personal injury action like this one, the same statue provides that a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). Rather than prematurely removing the action to this Court, Defendants' should have availed themselves of this law, pursuant to which the state court, on motion, is to order the Plaintiffs to respond to a demand for total damages. *Nogeura*, 2011 WL 5117598 at *2 ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action. Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing.")[1]

Accordingly, the Court finds that based on the information contained in the Complaint and the Notice, Defendants have failed to show a reasonable probability exists that Plaintiffs' claim is in excess of $75,000. Therefore, remand to the state court is proper.

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court, Queens County, under Index No. 708172/2016.

SO ORDERED

Dated: Brooklyn, New York
      August 30, 2016

/s/
Dora L. Irizarry
Chief Judge

---

[1] The removal clock would not begin running against Defendants until they received Plaintiffs' response to a request pursuant to N.Y. C.P.L.R. § 3017(c). *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).